# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| OBRA LONDON, ID # 15062541, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:17-CV-1658-L (BH) |
| ) | |
| LORI DAVIS, Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|     Respondent. ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this *pro se* habeas case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

## I. BACKGROUND

On June 22, 2017, the petitioner filed an "Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under Code of Criminal Procedure, Article 11.07," which is typically filed in state court, and it was opened as a new federal habeas case under 28 U.S.C. § 2254. (*See* doc. 3.) By *Notice of Deficiency and Order* dated June 23, 2017, he was notified that to the extent he intended to file a federal petition for writ of habeas corpus under § 2254 in federal court, he had not filed it on the appropriate form and either paid the filing fee or submitted an application to proceed *in forma pauperis* (IFP). (*See* doc. 4.) Attached to the order was a copy of the appropriate form for a § 2254 habeas petition and an IFP application. *See id.* The order specifically advised the petitioner that he must file his § 2254 petition on the appropriate form and either pay the filing fee or file his IFP application within 30 days, and that a failure to do so could result in the dismissal of his case. *Id.*

On July 10, 2017, the petitioner filed an amended § 2254 habeas petition on the correct form and an IFP application. (*See* docs. 6, 7.) By *Second Notice of Deficiency and Order* dated July 11, 2017, he was notified that his IFP application did not provide sufficient information because the enclosed certificate of inmate trust account was not completed. (*See* doc. 8.) The order specifically advised the petitioner that he must file his certificate of inmate trust account or pay the $5 filing fee within 30 days, and that a failure to do so could result in the dismissal of his case. *Id.* More than thirty days from the date of the order have passed, but the petitioner has not filed a completed certificate of inmate trust account, or anything else in this case.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff failed to comply with the July 11, 2017 order that he file a completed certificate of inmate trust account or pay the $5 filing within 30 days despite a warning that failure to do so could result in dismissal of the case. He has not filed anything else in the case. Because the plaintiff failed to follow a court order or otherwise show that he intends to proceed with this case, it should be dismissed under Rule 41(b) for failure to prosecute or follow orders.

## III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff files a completed certificate of inmate

trust account or pays the $5 filing fee within the time for objecting to this recommendation, or by some other deadline set by the court.

**SO RECOMMENDED on this 17th day of August, 2017.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE